UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA STOLTZ, <br><br> Plaintiff, <br><br> v. <br><br> EARLY WARNING SERVICES, LLC, <br><br> Defendants. | NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### I. NATURE OF THE ACTION

1. This is a consumer action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* ("FCRA"), brought on behalf of a consumer against a company that sells background information for, among other reasons, use in investigating applicants for credit and banking products(including checking and savings accounts). Among other things, Defendants sell "Internal Fraud" and "Account Abuse" warnings included in reports to financial institutions. These warnings provide personal information about individual consumers which unfairly labels them as engaging in fraud and abuse of their bank accounts. Defendant sells these warnings for the purpose of assisting financial institutions to avoid opening accounts for people who have allegedly defrauded or abused their financial institutions previously. Given the nature of these warnings, and the purposes for which they are regularly sold, Defendant is squarely regulated by the FCRA.

2. Consumers who subsequently learn they were flagged as thieves or fraudsters dispute the inaccurate information with Defendant and often times these notations are removed from their reports. Under FCRA section 1681e(b), Defendants, as consumer reporting agencies and/or resellers of credit information, are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

relates." 15 U.S.C. § 1681e(b). Had Defendants actually followed such required procedures, these consumers would never have been flagged as fraudsters in the first place.

## II. PARTIES

3. Plaintiff Christina Stoltz is an adult individual residing in King of Prussia, Pennsylvania.

4. Defendant Early Warning Services, LLC ("EWS") is a business entity and credit reporting agency that regularly conducts business in the Commonwealth of Pennsylvania, and which has a principal place of business located at 8777 E. Hartford Drive, Suite 110, Scottsdale, Arizona 85255.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought herein arise under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants "reside" in this District as defined in 28 U.S.C. § 1391(c).

## IV. FACTUAL ALLEGATIONS

### EWS' Practices as a Consumer Reporting Agency and Reseller

7. Defendant EWS markets itself as an industry leader in account threat detection on its website, stating that it "provides innovative risk management solutions to a diverse network of 1,100 financial institutions, government entities and payment companies, enabling businesses and consumers to transact with safety, speed, and convenience. Owned and governed by five of the largest banks in the United States, this unique business model facilitates a data exchange system based on collaborative intelligence and trusted exchange."

*See* http://www.earlywarning.com/index.html.

8. EWS is a nationwide specialty consumer reporting agency which sells, among other things, "Account Abuse" warnings to financial institutions as well as resellers of credit information. EWS is jointly owned by Wells Fargo, Bank of America, JPMorgan Chase, BB&T and Capital One. *See* http://www.earlywarning.com/pdf/earlywarning-corporate-overview.pdf.

9. Upon information and belief, financial institutions furnish information relating to the alleged Account Abuse warnings to TD Bank.

10. By selling such reports for a fee with the anticipated or expected use of such reports by the entities referenced above, Defendants operate as "consumer reporting agencies"("CRAs"), consumer reporting agencies "that compile[s] and maintain[s] files on consumers on a nationwide basis", and nationwide specialty consumer reporting agencies ("NSCRAs") as defined by 15 U.S.C. § 1681a(f), § a(p) and § a(x), respectively.

11. The FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs and NSCRAs.

12. Defendants do not observe any reasonable standard of accuracy regarding the Account Abuse warnings contained within the reports.

13. Upon information and belief, Defendants report these Account Abuse warnings without uniform standards defining what constitutes "fraud," and allow financial institutions to furnish the warnings without requiring them to inform the employee or customer that it intends to report information about them to a national database.

14. When Defendants upload the fraud warnings into their system, they do not review the furnished information. Any review, if at all, only occurs at such a future time that a consumer disputes the information as inaccurate.

15. A fraud warning on a background report is generally very detrimental to an applicant's employment opportunities, and/or credit and banking opportunities. This is understood by Defendants in their promotion of the product, representing that one of its purposes is to help its customers manage risk, in part by preventing them from unwittingly hiring someone who previously defrauded a financial institution.

16. Defendants negligently and willfully violate the FCRA by failing to comply with its requirements upon CRAs and NSCRAs to follow reasonable procedures to assure maximum possible accuracy.

**Facts pertaining to Ms. Stoltz**

17. On or about June 1, 2022, while Plaintiff was working in Indonesia, Plaintiff's TD Bank Account ending in 9587 ("Account 9587") was accessed by an unknown third-party criminal actor causing a fraudulent transfer disguised as a simultaneous duplicate payment to plaintiff's creditor, Capital One.

18. That fraudulent duplicate payment was reflected on Plaintiff's TD Bank account on June 2, 2022, causing TD Bank to assess an overdraft charge.

19. Following discussion with TD Bank concerning the fraudulent charge, TD Bank credited Account 9587 the $35.00 overdraft fee. Thereafter, to prevent further fraudulent charges, Plaintiff, at the suggestion of TD Bank, transferred the balance of funds to another of her TD bank accounts and TD Bank closed Account 9587 in or around July 4, 2022.

20. However, due to the 13-hour time difference between the USA and Indonesia the transfer posted after the Capital one payment.

21. Between August 2021 and March 2023, Plaintiff's TD Bank Account ending in 8670 ("Account 8670") reflected eight (8) overdrafts caused by scheduled autopayments occurring

before same day bank deposits. The aforesaid timing mishaps resulted from both the 13-hour time difference between the USA and Indonesia and also deposits or payments occurring on weekends and holidays.

22. Following discussions between Plaintiff and TD Bank concerning the foregoing, in or around December 2021 and January 2022, TD Bank refunded/reversed all eight (8) overdrafts for Account 8670 as reflected in her bank statements for that time period.

23. After attempting to open a bank account at other banks on or about May 2023 and having been denied three (3) times, Plaintiff discovered that EWS inaccurately reported Account 9587 as "overdrawn" and "closed for cause" and inaccurately reported Account 8670 as "overdrawn".

24. When financial institutions indicate a bank account was "closed for cause," this means that the account holder consumer historically mismanaged the bank account which can cause that institution and others to refuse to open a new account for the affected consumer.

25. On or about July 18, 2023, Plaintiff lodged a written dispute with Early Warning's reporting of the 9587 Account and requested it remove the "overdrawn" and "closed for cause" remarks from her report.

26. On or about July 18, 2023, Plaintiff lodged a written dispute with Early Warning's reporting of the 8670 Account and requested it remove the "overdrawn" remark from her report.

27. On or about August 17, 2023, EWR responded to Plaintiff's disputes for Account 8670 and Account 9587 by inaccurately verifying the disputed information for the accounts as accurate and complete.

28. Plaintiff suffered damages as a result of being falsely reported as having abused her bank accounts, including an inability to open new bank accounts, as well as emotional and reputational harm.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

30. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

### COUNT I - Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

32. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

33. Defendant is a "person," a "consumer reporting agency," a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," and a "nationwide specialty consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(p) and § 1681a(x), respectively.

34. The above-mentioned reports were "consumer reports" used for "employment purposes" within the meaning of 15 U.S.C. §§ 1681a(d) and 1681a(h).

35. Defendants' Account Abuse warnings are not compiled by following procedures that assure maximum possible accuracy.

36. The inaccuracy of the Account Abuse warnings about Plaintiff, and others, published to employers and potential employers was due to Defendants' failure to follow reasonable procedures designed to assure maximum possible accuracy, in violation of 15 U.S.C.§ 1681e(b). Defendants simply report any and all information furnished to them by financial institutions, and designed this database in reckless disregard of the truth and of the reputation and personal interests of the consumers who are labeled with these warnings.

37. Defendants are liable for willfully and negligently violating section 1681e(b) of the FCRA by failing to comply with the requirements to follow reasonable procedures designed to assure maximum possible accuracy of consumer information.

38. Defendants' actions cause harm to job applicants and employees such as Plaintiff as more fully described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a);

B. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §§ 1681n and 1681o;

C. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

E. That the Court grant such other and further relief as may be just and proper.

Dated: November 1, 2023  /s/Robert P. Cocco
ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com